IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: FRANCIS JOSEPH CINELLI | : | CIVIL ACTION |
| _____ | : | NO. 14-1007 |
| FRANCIS JOSEPH CINELLI,<br>    Appellant | : | |
| v. | : | (BANKRUPTCY NO. 13-19132) |
| NED and SHARON GARIS, et al.,<br>    Appellees | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                       August 21, 2014

Francis J. Cinelli ("Cinelli") appeals from the Bankruptcy Court's lifting the automatic stay under 11 U.S.C. § 362(a) to permit a pending state court action, in which he is a defendant, to continue. Cinelli contends that the Bankruptcy Court erred because the state court action involves non-dischargeable fraud claims over which the Bankruptcy Court has exclusive jurisdiction under 11 U.S.C. § 523. He also argues that the court erroneously extended the relief to creditors who did not request it.[1]

We conclude that the Bankruptcy Court, after balancing the harm to Cinelli, the estate and the creditors, appropriately found cause to lift the stay under 11 U.S.C. § 362(d). Therefore, we shall affirm the Bankruptcy Court's decision.

---

[1] Among Cinelli's creditors are individuals who brought an action against him in state court stemming from his alleged involvement in a Ponzi scheme. Not all of the creditors moved for relief from the automatic stay. Those that did are: Ned and Sharon Garis, William and Victoria Shaw, Esther R. Smith, Howard and Shelba Fogel, George Kiefer, Jr., Terry Kiefer, Doris Kiefer, Nicholas R. Sabatine, III, P.C. Profit Sharing Plan, Nicholas R. Sabatine, III, P.C., Nicholas R. Sabatine, Connie Sabatine and Susan Sabatine. *See* Motion of Ned and Sharon Garis, *et al.*, for Relief from the Stay Under 11 U.S.C. § 362 at 1 (hereinafter "Mot. for Relief"). Bankr. Docket, No. 13-19132 (Doc. No. 21) (R. 8).

**Procedural History and Factual Background**

Cinelli, former part-owner of the now insolvent Blue Mountain Consumer Discount Company ("Blue Mountain"), is a defendant in a lawsuit filed in the Pennsylvania Court of Common Pleas of Northampton County on May 15, 2012.[2] The plaintiffs in that action assert several causes of action, including fraud, breach of fiduciary duty, negligent misrepresentation, fraudulent inducement, unjust enrichment and conversion arising out of an alleged Ponzi scheme run through Blue Mountain.[3] Pursuant to 11 U.S.C. § 362(a), the state court litigation was automatically stayed when Cinelli filed a voluntary chapter 7 petition in the Bankruptcy Court for the Eastern District of Pennsylvania on October 19, 2013.[4]

On November 7, 2013, pursuant to 11 U.S.C. § 362(d), some of Cinelli's creditors moved for relief from the automatic stay in order to continue prosecuting their state action against Cinelli.[5] On January 2, 2014, Bankruptcy Court Judge Richard E. Fehling held a hearing on the motion.[6] Movants' counsel argued that relief was appropriate because the state court action involved a large number of plaintiffs and defendants, was

---

[2] *See* Mot. for Relief, Ex. A (Second Am. Compl.) at ¶ 6, Bankr. Docket (Doc. No. 21-3) (R. 8); Br. in Support of Mot. for Relief, Ex. B (Blue Mountain Chapter 7 Petition) at 4, Bankr. Docket (Doc. No. 34-3) (R. 11); Appellant Br. at 4 (Doc. No. 3).

[3] *See* Mot. for Relief at ¶¶ 5, 8; *id.* Ex. A (Second Am. Compl.).

[4] Chapter 7 Voluntary Petition, Bankr. Docket (Doc. No. 1) (R. 6).  Section 362(a) of the Bankruptcy Code provides an automatic stay of creditor process against a debtor, like Cinelli, who files for bankruptcy.  The automatic stay bars most judicial proceedings and collection actions against the debtor's estate.  11 U.S.C. § 362(a); 21 Am. Jur. Proof of Facts, 3d 769 (1993).  The automatic stay provision affords the debtor a "breathing spell from creditors" by stopping the collection process.  *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) (citation omitted).

[5] *See supra*, n.1; Mot. for Relief.

[6] *See* Hr'g Tr. (Jan. 2, 2014) (Supp. R. 6).

complex, and had been in process for years; (2) a substantial amount of discovery had already been conducted;[7] and (3) the state litigation involved only state law issues.[8]

Cinelli argued that allowing the state court litigation to proceed would result in the state court, not the bankruptcy court, deciding non-dischargeable claims of fraud over which the bankruptcy court has exclusive jurisdiction.[9] He contended that lifting the stay would frustrate his attempt to make a fresh start because he would be forced to use his post-chapter 7 petition assets to defend himself in the state court litigation.[10]

On January 6, 2014, Bankruptcy Judge Fehling granted the motion and lifted the stay.[11] Relying on *In re Chan*, 355 B.R. 494 (Bankr. E.D. Pa. 2006), he found that a "very strong balance" of the relevant factors supported granting relief from the stay.[12]

---

[7] As of January 2, 2014, the parties had completed a substantial amount of discovery in the state court litigation.  *See* Hr'g Tr. at 30:9-18, 34:4-12 (Jan. 2, 2014) (Supp. R. 6).

[8] *See id.* at 29:17-21, 31:21-23; Appellant Br. at 4-5 (Doc. No. 3).

[9] *See* Hr'g Tr. at 48:14-49:5; Appellant Br. at 5.

[10] *See* Hr'g Tr. at 54: 7-12; Appellant Br. at 5-6.

[11] *See* Order, Bankr. Docket (Doc. No. 39) (Jan. 6, 2014) (R. 4).

[12] *See id.* at 3 n.1.  Judge Fehling, relying on *In re Chan*, based his decision on a four-factor test: (1) whether only issues of state law are involved; (2) whether granting relief will promote judicial economy; (3) whether the state litigation will impede the bankruptcy case; and (4) whether the estate can be protected by requiring creditors to enforce any judgment through the Bankruptcy Court.  He concluded that factors one, two and four weighed in favor of granting relief from the automatic stay.  Considering factor three, he stated that any interference with the bankruptcy case would be negligible.  *Id.* at 1 n.1.

Judge Fehling went on to consider a twelve-factor guideline for granting relief: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the state court case involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and if so, whether that tribunal has the expertise to hear such a case; (5) whether the debtor's insurance carrier has assumed financial responsibility for defending the litigation; (6) whether the state action involves primarily third parties; (7) whether litigation in another forum would prejudice the interests of other creditors or other interested parties; (8) whether the judgment claim arising from the state court action is subject to equitable subordination under Section 510(c); (9) whether the creditors' success in the state court case would result in a judicial lien avoidable by the debtor pursuant to section 522(f); (10) the interests in judicial economy and the economical and expeditious resolution of the litigation for the parties; (11)

Judge Fehling determined that "[t]he *only* party who *might* benefit from denying the motion for relief from the stay is Debtor, whereas *every other* party will be prejudiced by denying relief from the stay."[13]  Judge Fehling also concluded that if Cinelli were to receive an adverse judgment in state court, the parties could then return to Bankruptcy Court to execute on the judgment.[14]

In this timely appeal, Cinelli argues that the Bankruptcy Court erred because it improperly based its decision on balancing the factors listed in *In re Chan* rather than adhering to the jurisdictional requirements of 11 U.S.C. §§ 523(a) and (c), and Fed. R. Bankr. P. 4007(c).[15]  In other words, he contends that the Bankruptcy Court abdicated its jurisdiction in favor of the state court.  Cinelli also argues that the Bankruptcy Court disregarded the statutory requirements set forth in 11 U.S.C. § 362(d) when, *sua sponte*, it extended the relief to all of his creditors involved in the state court litigation.

## Standard of Review

A district court reviews a bankruptcy court's "legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof." *In re Reilly*, 534 F.3d 173, 175 (3d Cir. 2008) (citing *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)), *reversed on other grounds*, *Schwab v. Reilly*, 560 U.S. 770 (2010).  Where the bankruptcy court's decision involves a mixed question of law and

---

whether the state court litigation has progressed to the point where the parties are prepared for trial; and (12) the impact of the stay on the parties and the balance of the hurt.  *Id.*

[13] *Id.* at 3 n.1 (emphases in original).

[14] *See id.* at 3 n.2.

[15] Fed. R. Bankr. P. 4007(c) outlines the timeliness and procedural requirements for initiating an adversarial hearing, pursuant to sections 523(a) and (c), in order to determine non-dischargeability in cases involving alleged frauds.

fact, we must break down the determination and apply the appropriate standard of review to each. *In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003).

## Analysis

*Cause under § 362(d)*

Section 362(d) of the Bankruptcy Code, in pertinent part, provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

The language is mandatory. *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 208 (3d Cir. 1995). Hence, if the bankruptcy court finds cause, it must grant relief from the stay.

The Bankruptcy Code does not define cause. It is left to the courts to determine whether cause exists on a case-by-case basis, taking into account the totality of the circumstances. *In re Wilson,* 116 F.3d 87, 90 (3d Cir. 1997) (citation omitted)*; In re Brown,* 311 B.R. 409, 412-13 (E.D. Pa. 2004) (citation omitted). In making this determination, the bankruptcy court is afforded broad discretion. *In re Irwin*, 457 B.R. 413, 426 (Bankr. E.D. Pa. 2011) (citations omitted).

Determining whether there is "cause" for granting relief from an automatic stay requires a "balancing of the harms." *In re Chan*, 355 B.R. at 498 (citing *In re Glunk*, 342 B.R. 717, 740 (Bankr. E.D. Pa. 2006)). The first step is to consider whether there will be prejudice to either the estate or the debtor if the stay is lifted on the one hand and hardship to the movant if the stay continues on the other hand. Then, these two

5

potential harms are weighed. *Id.* The decision to lift the stay depends on where the scale tips.

Taking into consideration the possible prejudice or harm to the debtor if relief from the stay is granted, we consider the cost and expenses he would incur in defending the state court action. *See In re Cummings*, 221 B.R. 814, 819 (Bankr. N.D. Ala. 1998). We also consider whether the debtor will expend substantial post-bankruptcy earnings or be unable to defend the state court action, resulting in an adverse judgment. *Id.* at 820.

Cinelli will not spend much more, if any at all, to continue to defend the case in state court. He must pay attorney's fees and costs whether the case is tried in either court. The state court action has been ongoing for over three years. Discovery has nearly concluded. Consequently, the difference in the cost of trying it in either court will be negligible. Under the circumstances, there is no real harm to Cinelli or the estate in allowing the case to proceed in state court. On the other hand, staying the state court case would result in delaying the plaintiffs' day in court, and starting anew in the bankruptcy court will add costs and attorney's fees.

Proceeding to verdict in the state court will promote judicial economy and expediency. The state court is familiar with the case. It is competent to decide the legal issues, all of which are based on state law. The Bankruptcy Court, on the other hand, would have to spend time familiarizing itself with the factual and legal issues, resulting in a duplication of judicial time and effort.

Balancing these factors, we conclude that Bankruptcy Judge Fehling correctly found that the scale tips in favor of lifting the stay. But, this does not end our analysis.

We must consider the issue of the dischargeability of the fraud claims asserted in the state court action.

This case presents a seeming collision of the bankruptcy court's obligation to grant relief from a stay under § 362(d) for cause and its exclusive jurisdiction to determine dischargeability under § 523(a)(2), (4) or (6).  Cinelli contends that the Bankruptcy Court ignored the jurisdictional requirements of § 523(c).[16]  He argues that the plain language of § 523(c) unambiguously provides that, "the court," not a "court" or "any court," shall determine the dischargeability of a debt.[17]  Cinelli also suggests that even if the language of § 523(c) is perceived as ambiguous, the legislative history and intent behind § 523(c) support the Bankruptcy Court's exclusive jurisdiction.[18]  Cinelli posits that the language of § 523(c) obligated the Bankruptcy Court to deny the motion for relief from the stay without resorting to any analysis of the harms.[19]

We do not agree.  Despite their "exclusive jurisdiction" over dischargeability issues, bankruptcy courts can grant relief, allowing claims to proceed in a non-bankruptcy forum if relevant factors weigh in favor of relief from the automatic stay.

That was the context facing Chief Bankruptcy Judge Eric. L. Frank in *In re Chan*. Judge Frank concluded that, in certain cases, it may be appropriate for a non-bankruptcy court to litigate a case involving non-dischargeable fraud claims, notwithstanding that jurisdiction of non-discharageability claims rests solely with the bankruptcy court. 355 B.R. at 500-01 (citing *In re Cummings*, 221 B.R. at 819 n.9).  He

---

[16] Appellant Br. at 12.

[17] *Id.* at 8.

[18] *Id.* at 9-12.

[19] *Id.* at 7.

then cited two examples of when the bankruptcy court could exercise its discretion to grant relief from the automatic stay: (1) where the proceedings in the non-bankruptcy forum have been pending for a substantial period of time and the case is on its way to trial; and (2) where the non-bankruptcy litigation involves multiple parties, resulting in considerations of judicial economy supporting return of the action to the non-bankruptcy forum.  *See id.* at 501.

There is no dispute that the fraud claims asserted in the state court litigation, if proven, may be non-dischargeable debts in this chapter 7 case.  Allowing the state court litigation to proceed will not infringe on the Bankruptcy Court's jurisdiction.  If the plaintiffs prevail in the state court, the Bankruptcy Court can determine the dischargeability issue.  In other words, the state court determines whether there is a debt, and, if so, the bankruptcy court then determines whether it is dischargeable.  There is no conflict between § 523(c) and § 362(d).

*Relief from Stay to Non-Movants*

Cinelli contends that the Bankruptcy Court improperly utilized its power under § 105(a) when it extended its Order to cover plaintiffs in the state court action who did not move for a stay.  He asserts that because § 362(d) requires a "request of a party" in order to initiate relief from a stay of proceedings, any party who did not make a request should not be afforded relief.[20]

The Bankruptcy Court did not err in *sua sponte* applying the automatic stay to all of Cinelli's creditors involved in the state court litigation.  Under § 105(a), a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  Thus, the statute authorizes the court

---

[20] Appellant Br. at 14.

to act *sua sponte*. *In re Antonelli*, No. 11-20255, 2012 WL 280722, at *13 (Bankr. D.N.J. Jan. 30, 2012) (citing 11 U.S.C. § 105(a)).

Section 105 specifically states that:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. *No provision* of this title providing for the raising of an issue by a party in interest *shall be construed to preclude the court from, sua sponte, taking any action* or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (emphases added).

In the context of § 362(d), the second sentence of § 105(a) allows a bankruptcy court to lift the automatic stay *sua sponte*. *Swift v. Bellucci (In re Bellucci)*, 119 B.R. 763, 779 (Bankr. E.D. Cal. 1990) (Section 105 "lays to rest [the] argument that a bankruptcy court cannot lift the automatic stay sua sponte"); *id.* ("[B]ankruptcy courts may lift the automatic stay sua sponte notwithstanding the language in section 362(d) that permits a 'party in interest' to seek relief from the automatic stay."). Therefore, Cinelli's argument that the Bankruptcy Court erred in exercising its discretion under § 105 to apply relief to all of Cinelli's state court creditors is without merit.[21]

### Conclusion

The Bankruptcy Court did not err or abuse its discretion in granting Cinelli's creditors relief from the automatic stay. Nor did it err in applying the stay to Cinelli's non-moving state court creditors. Therefore, we shall affirm.

---

[21] *See Bricker v. Martin*, 265 F. App'x 141, 141 (3d Cir. 2008) (holding that the bankruptcy court did not err when it *sua sponte* granted creditors relief from the automatic stay).